```
       IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

         MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


DR. KURT D. KRAFT, etc.,      )
et al.,                       )
                              )
    Plaintiffs,               )
                              )    CIVIL ACTION NO.
    v.                        )     1:09cv142-MHT
                              )         (WO)
LOWE'S HOME CENTERS, INC.,    )
a Corporation,                )
                              )
    Defendant.                )
```

ORDER

The court having been informed that the parties have settled this case and that the settlement involves minors, it is ORDERED as follows:

(1) An on-the-record hearing on the proposed settlement as to minor plaintiffs K.D.K., II, S.L.K., and K.C.K. is set for November 19, 2009, at 10:00 a.m. Counsel for defendant Lowe's Home Centers, Inc. is to arrange for the hearing to be conducted by telephone.

(2) William L. Lee IV, 238 W. Main Street, Dothan, Alabama 36301 (P.O. Box 1665, 36302), is appointed to represent the minors.

(3) The clerk of the court is to arrange for the guardian ad litem to receive a copy of the file in this case.

***

In entering this order, the court makes these comments:  While this lawsuit is based on state-law claims of negligence, wantonness, and breach of contract and while the jurisdiction of the court has been invoked based on diversity of citizenship, 28 U.S.C. § 1332, "[i]t is well established that 'the appointment of a guardian ad litem is a procedural question controlled by Rule 17(c)of the Federal Rules of Civil Procedure.'" Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001) (citation omitted); see also Scannavino v. Fla. Dep't of Corr., 242 F.R.D. 662, 667 (M.D. Fla. 2007) (Merryday, J.) ("[A] district court's decision whether to appoint a

guardian ad litem is purely procedural and wholly uninformed by state law."). Rule 17 provides that:

> "A minor ... who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor ... who is unrepresented in an action."

Fed. R. Civ. P. 17(c)(2). Furthermore, "[w]here it is evident that a conflict of interest exists between the [representative] and minor, ... the district court has a duty to determine whether a guardian ad litem is needed." Burke, 252 F.3d at 1264.

Here, the court finds a guardian ad litem should be appointed because the parties' proposed settlement--awarding $ 5,000 to each of the minor plaintiffs and over $ 300,000 to plaintiffs Lynn and Kurt Kraft, the minors' parents and representatives in this lawsuit--suggests a possible conflict of interest between the minors and their representatives. See Genworth Life Ins. Co. v. Sehorne, 2008 WL 912438, at *4

3

(M.D. Fla. Apr. 1, 2008) (Moody, J.) (appointing a guardian ad litem where "a potential conflict of interest exist[ed] between [a mother] and her minor son").  In addition, the appointment comes at no cost to the minors, as defendant Lowe's Home Centers, Inc. has agreed, and is to pay, the attorney's fees and expenses of the guardian ad litem.

    DONE, this the 10th day of November, 2009.

                                       /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**